NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTINE WYNN, *Appellant.*

No. 1 CA-CR 14-0787
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-459741-001
The Honorable Charles Donofrio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

**T H U M M A**, Judge:

**¶1**      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Christine Wynn has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Wynn was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Wynn's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**      After work one night in mid-December 2013, Wynn and her friends, A.D. and J.D., went to a club on Mill Avenue in Tempe in A.D.'s car, arriving at approximately 11:00 p.m. Wynn left the club shortly after midnight and waited for her friends by their car parked on the street. Wynn's friends came to the car at about 2:00 a.m. and a designated driver, who had not been at the club, arrived to pick them up. A.D., however, decided to drive her car home. Because A.D. was intoxicated, Wynn intervened. When Wynn was unable to convince A.D. to leave the car at the club, Wynn drove A.D.'s car in the direction of A.D.'s workplace a few blocks away.

**¶3**      When driving A.D.'s car, while stopped at a red light, Tempe Police officers on bicycle patrol approached and directed Wynn to pull over because her headlights were not on. After complying, Wynn told officers she did not have any identification with her. Officers noticed signs of intoxication including Wynn's slurred speech and the smell of alcohol. Officers asked if Wynn had had anything to drink, and Wynn told them she had consumed two "Long Island iced teas." The officers conducted field

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

sobriety tests including a Horizontal Gaze Nystagmus test, "walk-and-turn" test and "one-leg-stand" test. All three of these tests revealed signs that Wynn was intoxicated and impaired.

¶4 Based on the results of the field sobriety tests, the officers arrested Wynn. After obtaining a search warrant, a phlebotomist drew Wynn's blood at approximately 4:30 a.m., and testing revealed Wynn had a blood alcohol content of .089. Investigation revealed that Wynn's driver's license was suspended and that she was subject to a requirement that she drive only vehicles with an ignition interlock device.

¶5 Wynn was charged with four Class 4 felonies: (1) driving on a suspended license while impaired due to the influence of an intoxicating liquor; (2) driving on a suspended license with a blood alcohol content of .08 or more; (3) driving while impaired due to the influence of an intoxicating liquor while under court order to equip her vehicle with a certified ignition interlock device; and (4) driving with a blood alcohol content of .08 or more while under court order to equip her vehicle with a certified ignition interlock device.

¶6 At trial, an Arizona Motor Vehicle Division (MVD) custodian of records testified MVD sent Wynn a notice that her license was suspended. Wynn's driver record was admitted into evidence and showed the notice was mailed to Wynn at the last address she provided to the MVD in late September 2013, nearly three months before the December 2013 incident. The MVD custodian of records also testified Wynn's license included a limitation that Wynn was required to drive only vehicles equipped with an ignition interlock device; notice of that requirement was mailed to Wynn at the last address she provided to the MVD in early October 2013. The officers who arrested Wynn testified the car Wynn was driving was not equipped with an ignition interlock device.

¶7 During trial, the superior court observed a juror look at her phone, and repeatedly fall asleep during proceedings. Later, another juror reported to the court that the juror in question smelled of alcohol and appeared to be "under the influence of something." The court dismissed the juror without objection. Wynn moved for a mistrial, arguing that the juror smelling of alcohol would prejudice Wynn's case because it was similar to the officers' testimony that they had smelled alcohol on Wynn. The court denied the motion, concluding that smelling alcohol on a person is a common experience and will not prevent the jury from deciding the case on the evidence.

¶8        After the State rested, Wynn unsuccessfully moved for a judgment of acquittal arguing a lack of sufficient evidence to support the charges. Wynn then elected to testify on her own behalf. After final instructions and closing arguments, the jury deliberated and found Wynn guilty as charged. The court suspended imposition of sentence, placed Wynn on probation for five years and ordered her to serve four months in prison, with 35 days of presentence incarceration credit.

¶9        Wynn timely appealed her convictions and sentences. This court has jurisdiction pursuant to Arizona Revised Statues (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2015).[2]

## DISCUSSION

¶10        This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and brief reveals no reversible error. The record shows that Wynn was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence received at trial constitutes substantial evidence supporting Wynn's convictions.

¶11        From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The jury was properly comprised of eight members. The court properly instructed the jury, including on the elements of the charges, the State's burden of proof and the necessity of reaching a unanimous verdict. The jury returned a unanimous verdict that was confirmed by juror polling. The court received and considered a presentence report and imposed a legal term of probation and other consequences. Further, the court did not abuse its discretion in denying Wynn's motion for a mistrial. *See State v. Adamson*, 136 Ariz. 250, 260 (1983) (holding decision to grant mistrial is left to superior court's sound discretion).

## CONCLUSION

¶12        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Wynn's convictions and resulting sentences are affirmed.

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

**¶13** Upon filing of this decision, defense counsel is directed to inform Wynn of the status of her appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Wynn shall have 30 days from the date of the decision to proceed, if she desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama